UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODRIGO MONTOYA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:20-cv-01108-AGF |
| SLOAN VALVE COMPANY d/b/a FLUSHMATE, | ) |
| Defendant/Third Party Plaintiff, | ) |
| v. | ) |
| COTTLEVILLE VENTURES, L.L.C., | ) |
| Third Party Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for a finding that he has asserted a submissible claim for punitive damages and, accordingly, for an order compelling financial discovery in this product liability case against Defendant Sloan Valve Company. Doc. 73. For the reasons set forth below, the motion will be granted in part and denied in part.

Plaintiff filed this personal injury action, invoking this Court's diversity jurisdiction, after a toilet containing a pressure valve manufactured by Defendant Sloan exploded, causing the tank lid to strike Plaintiff in the face, resulting in multiple fractures to his jaw, lacerations to his chin, and several broken teeth. The pressure valve in question had been the subject of a product recall and the distribution of repair kits to

customers.  Third-party Defendant Cottleville owned the business premises where this particular toilet was installed.

In his complaint, Plaintiff alleges that Sloan was aware of its product defect as early as 2000 but continued to sell the product without disclosing the defect or warning consumers of the associated risk of explosion.  He asserts that Sloan's disregard for consumer safety justifies an award of punitive damages.  In two earlier discovery rulings, the Court ordered Sloan to produce documents regarding other similar incidents, product recalls, testing information, alternative designs, and class action settlements.  Docs. 43, 67.  Plaintiff now seeks financial discovery from Sloan as relevant to his claim for punitive damages.

Under Missouri law, discovery regarding a defendant's assets is allowed only after a trial court finds it more likely than not that the plaintiff will be able to present a submissible case for punitive damages.  Mo. Rev. Stat. § 510.263.8.  Plaintiff thus asks the Court to make such a finding and compel Sloan to produce its financial information.

The parties have briefed at length Missouri substantive law on the submissibility of punitive damages as applicable to specific facts in this case developed through witness depositions and other factual discovery to date.[1]  It appears, however, that the parties have overlooked federal authority on the issue in this District concluding on numerous occasions that the Missouri statute in question is procedural and not substantive and

---

[1] In addition to their allotted briefing on this motion, Sloan has filed, and the parties have fully briefed, a motion for leave to file a sur-reply on this issue.  That motion will be denied as moot.  The Court again cautions the parties that the litigiousness displayed in this case impedes judicial economy.  The Court urges the parties to work together to avoid the necessity of Court intervention on financial discovery.

2

therefore does not apply in federal court. *Macon Elec. Coop. v. Wooldridge*, 2:18-CV-109-CDP, 2020 WL 11270009, at *1 (E.D. Mo. Apr. 6, 2020); *Christian v. Frank Bommarito Oldsmobile, Inc.*, 4:08-CV-1423-JCH, 2009 WL 1405459, at *2 (E.D. Mo. May 18, 2009); *Doe v. Young*, 4:08-CV-197-TIA, 2009 WL 440478, at *2 (E.D. Mo. Feb. 18, 2009); *Wells v. Farmers All. Mut. Ins. Co.*, 2:07-CV-00036-ERW, 2009 WL 367404, at *1 (E.D. Mo. Feb. 11, 2009).[2] Under this Court's precedent, "a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages." *Macon Electric*, 2020 WL 11270009, at *1 (citing *Doe*, 2009 WL 440478, at * 2). *See also Kilburn v. Autosport Acquisitions, LLC*, 1:20 CV 211 ACL, 2021 WL 307550, at *2 (E.D. Mo. Jan. 29, 2021) (applying similar reasoning in declining to apply Mo. Rev. Stat. § 510.261(5), which limits claims for punitive damages at the pleading stage, in favor of Rule 8 of the Federal Rules of Civil Procedure).

Accordingly, the Court will deny Plaintiff's motion for a finding of submissibility of his punitive damages claim but will grant his motion to compel financial discovery pursuant to Federal Rule of Civil Procedure 26.

---

[2] But see *Brown v. Therapy Mgmt. Corp.*, 4:17-CV-01247-JAR, 2018 WL 4386094, at *4 (E.D. Mo. Sept. 14, 2018), and *Rihn v. Jackson*, 4:07-CV-00197-ERW, 2007 WL 9805618, at *2 (E.D. Mo. Dec. 6, 2007), where the Court applied the statute and deferred financial discovery to later stages. Despite these two rulings, the prevailing reasoning of the Court is reflected in *Macon Electric*, *Christian*, *Doe*, and *Wells*, so the Court follows that prevailing guidance here.

Finally and separately, Sloan has requested an extension of time to produce its expert's report, and Plaintiff has no objection.  Doc. 92, 93.  The Court will grant that motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a finding of submissibility on his punitive damages claim is **DENIED**, but Plaintiff's concurrent motion to compel financial discovery is **GRANTED**.  Doc. 73.

**IT IS FURTHER ORDERED** that Defendant Sloan's motion for leave to file a sur-reply is **DENIED as moot**.  Doc. 91.

**IT IS FINALLY ORDERED** that Sloan's motion for an extension of time to produce its expert's report is **GRANTED**.  Doc. 92.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December 2021.

4