UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODRIGO MONTOYA,           ) | |
|       Plaintiff,          ) | |
| v.                                              ) | Cause No.: 4:20-CV-01108-AGF |
| SLOAN VALVE COMPANY, d/b/a ) FLUSHMATE,             ) | |
|       Defendant/Third-Party Plaintiff,  ) | |
| v.                                              ) | |
| COTTLEVILLE VENTURES, L.L.C.,   ) | |
|       Third-Party Defendant.     ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant/Third-Party Plaintiff Sloan Valve Company for leave to amend its Third-Party complaint against Cottleville Ventures in this personal injury action filed by Plaintiff Rodrigo Montoya.  Doc. 75.  For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiff filed this lawsuit against Sloan in August 2020 after a toilet containing a pressure valve manufactured by Sloan exploded while he was working on it, causing the tank lid to strike Plaintiff in the face, resulting in multiple fractures to his jaw, lacerations to his chin, and several broken teeth.  The pressure valve in question had been the subject of a product recall and the distribution of repair kits to customers initiated in June 2012

and expanded in January 2014.  Cottleville owned the business premises where this particular toilet was installed.  Cottleville had received repair kits in April 2014 but never installed one in the subject toilet.  Cottleville later hired Plaintiff to replace the tank in April 2020, when the accident occurred.  Sloan thus filed a third-party complaint against Cottleville in January 2020 asserting one count of contributory negligence and indemnification citing Cottleville's failure to install the repair kit and failure to inform Plaintiff about the recall or the dangerous condition.  Doc. 22.  Pursuant to the Case Management Order, the deadline for amendment of pleadings was March 3, 2021.  Doc. 17.

During the depositions of Cottleville's representatives in April and May 2021, Sloan learned that Cottleville allegedly violated city and county ordinances by failing to obtain a permit for the work it hired Plaintiff to perform and by failing to hire a licensed plumber to perform it.  In light of this revelation, on October 12, 2021, Sloan filed the present motion to amend its third-party complaint against Cottleville to add a claim of negligence *per se*, as the violation of a statute, when determined to be the proximate cause of an injury, constitutes negligence *per se* under Missouri law.  Plaintiff does not object to Sloan's motion to amend, but Cottleville opposes the motion as prejudicially untimely and also substantively futile.  Sloan replies that the timing of its proposed amended causes no prejudice and that the amendment is not futile because it properly pleads a claim for negligence per se.

## DISCUSSION

Both parties cite Rule 15(a) of the Federal Rules of Civil Procedure, which supports the liberal granting of motions for leave to amend pleadings when justice so requires.  An amended pleading under Rule 15(a) is "designed to include matters occurring before the filing of the complaint but either overlooked or not known at the time.  *Weeks v. Birch*, No. 1:17-CV-00022 AGF, 2020 WL 33089, at *2 (E.D. Mo. Jan. 2, 2020).  Factors to consider include whether (1) the motion was filed in bad faith or with dilatory motive, (2) the motion was filed with undue delay, (3) the amendment would be unduly prejudicial to the opposing party, and (4) the amendment would be futile.  *Id*.

However, when a party seeks to amend a pleading after the deadline set forth in the scheduling order, Rule 16(b) applies and requires good cause.  *Memhardt v. Nationstar Mortg., LLC*, No. 4:17-CV-01411-AGF, 2018 WL 3496484, at *2 (E.D. Mo. July 19, 2018) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 799, 715-16 (8th Cir. 2008)).  The good cause standard is "not optional," and the primary measure of good cause is the movant's diligence.  *Weeks*, 2020 WL 33089 at *2.  While prejudice to the nonmovant may also be a relevant factor, generally the Court need not consider prejudice if the movant has not been diligent.  *Memhardt*, 2018 WL 349684 at *2 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

Applying the proper standard for amendment after the deadline, the Court finds good cause for Sloan to amend its third-party complaint against Cottleville.  Sloan did not learn of the ordinance violations and thus its potential claim of negligence *per se* until it deposed Cottleville's representatives several weeks after the deadline to amend

pleadings.  Although some months passed between those depositions and Sloan's present motion, the Court cannot say that Sloan displayed a lack of diligence in this case, particularly in the context of several other motions being litigated between Sloan and Plaintiff during that time.  Moreover, the Court is not persuaded by Cottleville's claim of prejudice, as discovery is still ongoing.  The deadline to depose Sloan's expert witnesses is December 22, 2021, and the overall deadline for factual discovery is March 1, 2022.  To the extent follow-up on previous depositions may be desirable, or minimal additional time needed, the Court urges the parties to work together to complete any further discovery in a collegial fashion.

Further, the Court does not agree with Cottleville that Sloan's proposed amendments are futile.  A party's motion to amend should be dismissed on the merits only if it asserts clearly frivolous claims or defenses.  *Gross v. Se. Hosp. Ass'n*, No. 1:15CV00181 AGF, 2016 WL 7033753 at *1 (E.D. Mo. Dec 2, 2016).  The likelihood of success on a new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous.  *Id.* at *2.  To establish a claim of negligence per se, the plaintiff must plead and prove that (1) the defendant violated a statute, (2) the injured plaintiff was a member of the class of persons intended to be protected by the statute, (3) the injury complained of was of the kind the statute was designed to prevent, and (4) the violation of the statute was the proximate cause of the injury.  *Martinez v. Kilroy Was Here LLC*, 551 S.W.3d 491, 496 (Mo. App. E.D. 2018).  Sloan's proposed amended complaint contains these elements.  Though Cottleville asserts that the ordinances in question do not apply or were not violated, or that their violation was not the cause of

Plaintiff's injury, such determinations are not before the Court – much less a jury – at this stage of the case. Sloan's proposed amended complaint pleads that the ordinances are applicable to Cottleville and that the violations did cause Plaintiff's injuries. This is sufficient to survive a motion to dismiss under 12(b)(6). The Court does not reach the merits of the claim at this stage.

Finally, Cottleville argues that Sloan's motion violates Local Rule 4.01(A) because the motion is not accompanied by sufficient documentary evidence. But Cottleville does not dispute the facts of Sloan's discovery of the new information prompting its amendment (i.e., from representative depositions in April and May 2012), and the amended pleadings themselves need not be substantiated by documentary evidence at this stage.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant/Third-Party Plaintiff Sloan Valve Company's motion for leave to file its first amended third-party complaint is **GRANTED.** Doc. 75. The Clerk of the Court is directed to detach Exhibit A (Doc. 75-1).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December 2021.