UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODRIGO MONTOYA, | ) |
|     Plaintiff, | ) |
| v. | ) Cause No.: 4:20-CV-01108-AGF |
| SLOAN VALVE COMPANY, d/b/a FLUSHMATE, | ) |
|     Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| COTTLEVILLE VENTURES, L.L.C., | ) |
|     Third-Party Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of third-party defendant Cottleville Ventures seeking to strike the amended complaint of defendant/third-party plaintiff Sloan Valve Company or, alternatively, to require a more definite statement.  Doc. 99.  The motion will be denied.

### BACKGROUND

Plaintiff Rodrigo Montoya filed this personal injury lawsuit against Sloan in August 2020, asserting claims of strict product liability and negligence, after a toilet containing a pressure valve manufactured by Sloan exploded while he was working on it, causing the tank lid to strike Plaintiff in the face, resulting in multiple fractures to his jaw, lacerations to his chin, and several broken teeth.  The pressure valve in question had been

1

the subject of a product recall and the distribution of repair kits to customers, initiated in June 2012 and expanded in January 2014. Cottleville owned the business premises where this particular toilet was installed. Cottleville had received repair kits in April 2014 but never installed one in the subject toilet. Cottleville later hired Plaintiff to replace the tank in April 2020, when the accident occurred. Sloan filed a third-party complaint against Cottleville asserting (1) contributory negligence and indemnification, for Cottleville's failure to install the repair kit and failure to inform Plaintiff about the recall or the dangerous condition and (2) negligence per se, for Cottleville's alleged violation of county and city ordinances requiring permits and licensed plumbers to perform the work that resulted in Plaintiff's accident.[1]

Cottleville now moves to strike Sloan's complaint under Fed. R. Civ. P. 14(a)(4) or, alternatively, to require a more definite statement under Rule 12(e) to clarify that Cottleville could not be liable for contribution or indemnification – and particularly for punitive damages – on Plaintiff's strict liability claim. In response, Sloan maintains that it has properly pleaded claims for contribution and indemnity for Cottleville's own negligence, and Sloan further states that it does not seek contribution on Plaintiff's claim for punitive damages.

---

[1] In a previous order, the Court granted Sloan's motion to amend its complaint to add the count of negligence per se, over Cottleville's objection, reasoning that (1) Cottleville was not prejudiced by the timing because discovery is still ongoing and (2) the amendment was not futile because the elements were sufficiently pleaded and the merits were not before the Court. Doc. 96.

## DISCUSSION

**Procedural Standards**

Rule 14 permits a defendant to file a third-party complaint against a non-party who may be liable for some or all of the plaintiff's claims.  Rule 14(a)(1), Fed.R.Civ.P.  A defendant must obtain leave of the Court to file a third-party complaint later than 14 days after the defendant's answer.  In determining whether impleader is appropriate, the district court must balance the benefits of resolving related matters in one suit against possible prejudice to the other parties, the complication of issues at trial, the merit of the third-party complaint, and any additional costs to the parties.  *City of St. Louis, Missouri v. Cernicek, et al.*, 4:00-CV-1895-CEJ, 2001 WL 34134733, at *3 (E.D. Mo. Sept. 25, 2001).  Sloan sought leave of the Court to file its third-party complaint against Cottleville in January 2021.  Doc. 18.  The Court granted the motion, noting that the case was still in early stages, that Cottleville was aware of Plaintiff's claim, and that the deadline for joinder had not yet passed.  Doc. 21.

Rule 14(a)(4) allows a party to move to strike a third-party claim, to sever it, or to try it separately.  Upon such a motion, the court considers the same balance of factors it considers on a motion for leave to file the claim.  *Cernicek*, 2001 WL 34134733, at *3.  Cottleville did not attempt to strike or sever Sloan's complaint when first filed over a year ago but now invokes Rule 14(a)(4) and essentially challenges the merits of the complaint.

Rule 12(e) governs motions for a more definite statement and provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.[2]

A motion for more definite statement is proper when a party is unable to determine the issues, or where a material ambiguity or omission in the complaint renders it unanswerable. *Morgan v. Midwest Neurosurgeons, LLC*, 1:11-CV-37-CEJ, 2011 WL 2728334, at *2 (E.D. Mo. July 12, 2011). Such motions are designed to remedy unintelligibility, rather than a lack of detail. *Id*. Given liberal notice pleading standards and the availability of discovery, motions for a more definite statement are generally denied. *Id*. A motion for a more definite statement is not to be used to test an opponent's case or to substitute for discovery. *Id*. Here, Cottleville seeks clarification regarding the extent of its liability to Sloan for contribution.

**Missouri Law**

Under Missouri law, the principle of contribution embodies the idea that, when two parties are responsible for injury to a third party, the tortfeasor against whom a judgment has been rendered is entitled to recover a proportional share of the judgment from the other tortfeasor whose negligence contributed to the injury and who is liable to the original plaintiff. *Irwin v. Hoover Treated Wood Products, Inc.*, 906 F. Supp. 530,

---

[2] Cottleville filed an answer concurrent with the present motion. When a defendant files a Rule 12 motion simultaneously with his answer, the preferred practice is to view the motion as preceding the answer and treat it as timely. *See e.g., Collins v. Gershman Inv. Corp.*, 4:20-CV-00404-AGF, 2021 WL 2816360, at *2 (E.D. Mo. July 6, 2021).

533 (E.D. Mo. 1995). Liability for contribution requires joint liability to the original plaintiff by each of the alleged tortfeasors. *Id*. Stated differently, in order for a party to maintain an action for contribution, actionable negligence must exist between the original plaintiff and the tortfeasor from whom contribution is sought. *Id*. The contribution defendant must be liable to the *same person* for the *same injury*. *McNeill Trucking Co., Inc. v. Missouri State Highway & Transp. Comm'n*, 35 S.W.3d 846, 847 (Mo. 2001) (emphasis added). This "same person, same injury" is the joint liability that gives rise to contribution. *Id*. The rationale for a contribution system in allocating liability among negligent tortfeasors is that, since each party has been negligent, and each party's negligence has harmed plaintiff, fairness requires that each defendant should share liability to the extent of his responsibility. *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 440 (Mo. 2002). Joining all parties in a single lawsuit allows for the comparison of the fault of all concerned. *Id*. at 439.

**Analysis**

Applying the foregoing standards and principles, the Court finds no merit in Cottleville's motion to strike or further define the complaint. In its briefs in support of the motion, Cottleville primarily seeks to establish the limits of its liability for contribution and indemnification, and particularly with respect to punitive damages on Plaintiff's strict liability claim against Sloan. Centrally, Cottleville insists that it "cannot share common liability" on Plaintiff's strict liability claim because Cottleville is not "originally liable" to Plaintiff on that claim. But this argument mischaracterizes the issue. As the foregoing precedent instructs, contribution is based on comparative fault,

5

which does not require that joint tortfeasors share the same role in a plaintiff's injury but only that they contributed to the same injury.³ Put simply, joint liability is not theory-specific. *See* e.g., *Johnson v. Auto Handling Corp.*, 523 S.W.3d 452 (Mo. 2017) (addressing multiple theories of joint liability among co-defendants and remanding for clearer instructions with respect to comparative fault).

For example, in *McNeill*, after a motorist was injured in a trucking accident, the driver and trucking company properly sought contribution from the Missouri highway commission for negligent construction and maintenance of the roadway. *McNeill*, 35 S.W.3d at 848. In *Irwin*, a plaintiff injured in a roofing accident sued the sheathing manufacturer, who properly sought contribution from the installer. 906 F. Supp. at 531. *Irwin* was decided on a full summary judgment record, and although the court ultimately found no basis for liability, it recognized that the manufacturer and installer could have been considered joint tortfeasors. *Id*. at 536-537. As is clear from Sloan's third-party complaint, Sloan seeks contribution for Cottleville's own role in causing Plaintiff's injury. Plaintiff could have named Cottleville as a co-defendant. This is all that is required at this stage. Any apportionment of fault is a fact question for a jury.

"When two or more persons become liable in tort to the *same person* for the *same harm*, there is a right of contribution among them. *Gramex*, 89 S.W.3d at 442 (emphasis added). Because the same policy considerations exist in both product liability claims and negligence claims, the Missouri Supreme Court makes "no distinction between products

---

³ Several cases cited in Cottleville's briefs pre-date Missouri's adoption of comparative fault in 1983.

liability claims and negligence claims insofar as the right to contribution is concerned." *Id*. at 440. Missouri precedent does not support Cottleville's position that impleader and contribution require theory-specific commonality among tortfeasors.

Nor do other considerations under Rule 14 support Cottleville's motion. "It is undeniable that Rule 14 contemplates a single trial of liability and contribution claims." *Cernicek*, 2001 WL 34134733, at *4. As previously noted, in deciding whether impleader is appropriate, the court balances the benefits of efficiency against possible prejudice to other parties, the merit of the third-party complaint, and additional costs. *Id*. These factors weigh against Cottleville's attempt to strike Sloan's entire complaint at this stage. Cottleville did not challenge the complaint when filed over a year ago and has actively participated in this litigation. The cost and prejudice to other parties would be great and also unwarranted, as the complaint is not unmeritorious on its face.

The Court also finds unpersuasive Cottleville's request for a more definite statement. As stated above, the purpose of Rule 12(e) is to remedy deficiencies that render a complaint unintelligible and unanswerable, not to replace discovery or test the merits of the case. *Morgan*, 2011 WL 2728334, at *2. Sloan's complaint provides ample notice of the nature of its claims for contribution based on Cottleville's own conduct giving rise to Plaintiff's injury. As such, Cottleville's use of Rule 12(e) to define the parameters of its liability at this stage of the case is improper. The nature and extent of Cottleville's potential liability is a question to be determined at a later stage.

7

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Cottleville Ventures' motion to strike or, alternatively, for a more definite statement is **DENIED**. Doc. 99.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February 2022.