## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RODRIGO MONTOYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 4:20-CV-01108-AGF |
| | ) |
| SLOAN VALVE COMPANY, d/b/a FLUSHMATE, | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COTTLEVILLE VENTURES, L.L.C., | ) |
| | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion to exclude expert testimony in this personal injury lawsuit invoking the Court's diversity jurisdiction. For the reasons set forth below, the motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff Rodrigo Montoya filed this action against Defendant Sloan Valve Company, d/b/a Flushmate, in August 2020, asserting claims of strict product liability and negligence, after a toilet tank containing a pressure valve manufactured by Sloan exploded while Plaintiff was installing it, causing the lid to strike Plaintiff in the face, resulting in multiple fractures to his jaw, lacerations to his chin, and several broken teeth. The pressure valve in question had been the subject of a product recall and the

1

distribution of repair kits to customers, initiated in June 2012 and expanded in January 2014.

Third-party Defendant Cottleville Ventures owned the business premises where the accident occurred. Cottleville had received repair kits in April 2014 but never installed one in the subject tank, which had been placed in storage for several years. In April 2020, Cottleville hired Plaintiff, a longtime handyman for the business, to replace the tank into service. After Plaintiff installed the tank and reconnected the supply line, the valve failed and the tank exploded as Plaintiff stood over it.

Sloan filed a third-party complaint against Cottleville asserting (1) contributory negligence and indemnification, for Cottleville's failure to install the repair kit and failure to inform Plaintiff about the recall or the dangerous condition, and (2) negligence per se, for Cottleville's alleged violation of county and city ordinances requiring licensed plumbers to obtain permits to perform the work that resulted in Plaintiff's accident.

As relevant to the present motion, Sloan seeks to offer the expert testimony of a master plumber, Mr. Robert Trask, who would opine that Plaintiff's injury could have been avoided if Cottleville had complied with applicable ordinances by engaging a licensed plumber. Trask is a master plumber with 27 years of experience as the owner of Parkway Construction Services and a former President of the American Subcontractor Association. He holds a license in St. Charles County where Plaintiff's accident occurred. In forming his opinions in this case, he reviewed Plaintiff's complaint and deposition, Sloan's third-party complaint against Cottleville, the deposition of Sloan's representative, Lori Feltmate, and the depositions of Cottleville's representatives,

2

Michael K. Reiter and Michael R. Reiter (father and son).

In his report (Doc. 107-2), Trask summarizes the facts as follows. Cottleville hired Plaintiff to remove a toilet tank at its commercial premises and replace the tank with another containing Sloan's pressure valve. City and county ordinances, which incorporate the International Building Code, require a licensed plumber to obtain a permit before performing this type of work. Plaintiff is not a licensed plumber. Cottleville did not obtain a permit or hire a licensed plumber to perform the work, thereby violating local ordinances. Cottleville was aware of Sloan's product recall, as evidenced by the fact that Cottleville had requested and received repair kits for its toilet tanks containing Sloan pressure valves. However, the tank Plaintiff was instructed to install when he was injured had not been repaired. Trask centrally opines that, had Cottleville hired a licensed plumber, that person would have investigated the product and any manufacturer data and instructions, which would have revealed the recall and related information about the repair kits to protect against injury. In deposition, when challenged as to whether hiring a licensed plumber would have made a difference, Trask opined:

> I think it would have made a difference. … If a licensed plumber [had] been asked to perform this specific scope of work, I do not believe that that work would have been done. I don't believe that a plumber would have installed that particular product, and he certainly would not have installed that product without having also installed the repair kit. … A professional plumber would not have hired an individual that is not a plumber, and that doesn't have the background or training to do this type of work. There's a reason that these codes exist. There's a reason that there are requirements to be licensed. There are reasons that there's a requirement for training and documentation of that. And there's a reason that a lot of provisions of the code exist to protect people, including installers.

Doc. 107-3 at pp. 7-8 (cleaned up).

3

Throughout his deposition testimony, Trask repeated that a licensed plumber would not have agreed to install the unrepaired toilet and instead would have advised the customer toward a different solution.  Doc. 108-1 at pp. 7-10.

**Parties' Arguments**

Cottleville moves to exclude Trask's testimony on the following grounds: (1) Trask's testimony regarding Cottleville's code violations constitutes an impermissible legal opinion; (2) Trask's testimony regarding Cottleville's knowledge of Sloan's product recalls constitutes impermissible state-of-mind testimony; (3) Trask's opinion that a licensed plumber would not have attempted the repair is impermissible speculation; and (4) Trask should not be permitted to testify as to whether Plaintiff installed the tank correctly.  Plaintiff joins Cottleville's motion except to the extent Trask opined that Sloan's product was indeed defective and caused Plaintiff's injury, which Plaintiff deems admissible.

In response to Cottleville's motion, Sloan states that (1) Trask is not offering legal conclusions but rather his expert opinion on plumbing industry standards and practices and the practical reasons for code requirements; (2) Trask is not offering state-of-mind testimony but merely factual context according to Cottleville's own representatives; (3) Trask's opinion that a licensed plumber would have taken a different approach is not speculation but rather informs the jury about industry standards and practices; and (4) Sloan does not intend to solicit Trask's opinion as to Plaintiff's performance.

In response to Plaintiff's motion seeking to admit Trask's opinions on defective design and causation, Sloan objects and moves to strike Plaintiff's motion as improper, as

4

Sloan did not designate Trask as an expert on such matters. Sloan contends that Plaintiff should instead submit deposition designations for the Court's consideration upon motions *in limine*.

Additional facts and arguments are recited below as relevant to particular issues.

## DISCUSSION

**Legal Standards**

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The rule was amended in 2000 in response to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), which charged trial judges with a "gatekeeping" role to exclude unhelpful and unreliable expert testimony. The proponent of the expert testimony has the burden to prove its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

The "screening requirement" of Rule 702 has been reduced to a three-part test: (1) the testimony must be useful to the fact-finder in deciding the ultimate issue, i.e., it

must be relevant; (2) the expert must be qualified to assist the fact-finder; and (3) the testimony must be reliable or trustworthy in an evidentiary sense. *In re Bair Hugger Forced Air Warming Devices Products Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021).

An opinion is not objectionable just because it embraces an ultimate issue. Fed. R. Evid. 704(a). However, if the subject matter is within the jury's knowledge or experience, then the expert testimony should be excluded because it does not meet the helpfulness criterion of Rule 702. *Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010). Opinions that merely tell the jury what result to reach are inadmissible. *Id*. Any doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility. *Bair Hugger*, 9 F.4th at 778.

The factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility. *First Union Nat'l Bank v. Benham*, 423 F.3d 855, 862 (8th Cir. 2005). Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. *Bair Hugger*, 9 F.4th at 778. (citing *Daubert*, 509 U.S. at 596).

**Analysis**

Legal Opinions

First, Cottleville characterizes Trask's opinion as a legal conclusion that Cottleville violated county and city ordinances by failing to obtain a permit for the work Plaintiff was hired to perform. Trask's report appears to rely on Sloan's third-party complaint to arrive at this conclusion. In deposition, Trask could not cite particular code provisions but noted that they were set forth in Sloan's complaint and he assumed that the

6

parties were aware of them.  Doc. 107-3 at p. 6; Doc. 108-1 at p. 9.  This is not sufficient disclosure of the basis for Trask's opinion to permit him to testify that any particular codes or ordinances were violated.

In response, Sloan agrees not to solicit Trask's legal conclusions as to what the law is or whether Cottleville violated it.  However, Trask further explained:

> So, only the authority having jurisdiction can make a final determination as to how they will interpret their code.  Ultimately, it's up to them.  I cannot tell you how often this happens.  It happens every day where we have a code, we have an ordinance, and ultimately the authority having jurisdiction takes any individual's situation into account and then comes up with an opinion.  And that opinion is binding.  And I'll go further with that because I really do think that it's important.  So, from my background and what I do, I can tell you that, after pulling thousands and thousands and thousands of permits and doing work of this sort, I can testify as to what is normal and what typically happens.  And I believe that what I'm try to – that is what my opinion is based on."

Doc. 108-1 at 6 (cleaned up).  Essentially, Trask testified that, while it is his belief that a permit would be required for the work done here, the ordinance was perhaps vague as to whether a permit would be required.  In that instance, he testified that, under the custom and practice in the industry, a plumber would call the authority with jurisdiction to determine whether a permit is required.  He further testified that only a licensed plumber could obtain a permit if required.  Thus, Sloan offers Trask to testify as to "the industry standards and practices of licensed plumbers faced with ambiguous ordinances, and practices that are employed by licensed plumbers."  Doc. 125 at 6.  Sloan asserts that Trask's expert opinions as to plumbing industry standards and the practices of licensed plumbers would aid the jury in its assessment of the ultimate issue (i.e., Cottleville's alleged negligence).

7

The Court agrees that Trask's expert testimony would be helpful to the jury. Cottleville does not challenge Trask's expert qualifications as a master plumber. Though Trask will not be permitted to offer legal opinions as to whether any ordinance was violated, his experience and expertise in the plumbing industry would assist the jury in evaluating the facts alleged in Sloan's complaint and what, if any, duty Cottleville owed to Plaintiff based on industry standards, including how such standards and practices relate to ambiguous ordinances.

State of Mind Opinions

Second, Cottleville seeks to exclude Trask's opinions as to what Cottleville knew about the product recalls because expert witnesses cannot opine on another person's state of mind. *See e.g., Johnson v. Avco Corp.*, 702 F. Supp. 2d 1093, 1104 (E.D. Mo. 2010) (excluding speculation that a pilot was distracted). While Cottleville correctly states the law, Sloan responds that Trask's testimony does not constitute state-of-mind opinion but merely summarizes background facts contained in Cottleville's own representatives' depositions.

Specifically, Trask's report states that Cottleville was aware of the recall, as evidenced by the fact that it had requested and received repair kits. Cottleville's owner, Michael K. Reiter, stated in deposition that he was unaware of the recall and was not certain how the company received the repair kits, although upon prompting by counsel Reiter remembered that a tenant brought the issue to the company's attention and a staff person must have requested the kits. Doc. 121-3 at p. 6. Trask further elaborated in his testimony that, according to Cottleville's depositions, Messrs. Reiter were dissatisfied

8

with the performance of the repaired tanks, which lacked adequate pressure, so they found an old unit in storage that had not been repaired and instructed Plaintiff to install that one.  Doc. 108-1 at p. 7.  Mr. K. Reiter's deposition confirms this.  Doc. 125-3 at pp. 3-4.  Sloan emphasizes that Trask does not offer any speculation as to Cottleville's knowledge of the reasons for the recall or any related safety risks.

Although the Court agrees that Trask may summarize his understanding of the factual backdrop based on his review of the documents provided to him when relevant to an admissible opinion, here, Sloan does not identify any disclosed opinion to which those facts are relevant.  Rather, Trask seems to offer a free-standing opinion that Cottleville was aware of the recall, without more.  Trask is in no better position than the jury to offer such a conclusion, which requires no expertise from Trask.  Absent a more specific permissible expert opinion for which such background facts are relevant, Trask's opinion that Cottleville knew of the recall will not be allowed.

Industry Standards

Third, Cottleville seeks to exclude Trask's opinion that a licensed plumber would not have agreed to perform the work as requested but instead would have recommended a different solution.  Specifically, he offers the opinion that a licensed plumber, following the custom and practice in the industry, would have investigated the product and discovered the recall and repair kit.  Cottleville argues that this opinion is not useful to the fact-finder in deciding the ultimate issue in the case.  Sloan counters that Trask's expert opinion is particularly useful to inform the jury about industry standards and the actual practices of experienced licensed plumbers.  The Court agrees with Sloan.  Again,

9

Cottleville does not challenge Trask's qualifications as an expert. Trask possesses nearly three decades of technical experience and expertise as a master plumber and is uniquely qualified to educate the jury as to why ordinances may require licensed plumbers with permits to perform the type of work at issue here, about industry standards and practices with respect to recalled products, and how such practices would dictate further investigation. These are not subjects within a juror's common knowledge.

### Plaintiff's Performance

Fourth, Cottleville seeks to exclude any opinion by Trask as to Plaintiff's performance of work on the tank before it exploded. Sloan agrees that Trask has no opinion on the matter, and no such testimony will be solicited. As such, this aspect of Cottleville's motion is moot.

### Plaintiff's Motion

Finally, while Plaintiff joins Cottleville in its principal arguments, he has filed a separate motion seeking to confirm the admissibility of Trask's opinion that Sloan's valve was defective and caused Plaintiff's injury. In response, Sloan moves to strike Plaintiff's motion as improper, as it lacks any analysis under *Daubert*, and instead the issue should be raised through deposition designations. In reply, Plaintiff concedes that the admissibility of these opinions may be addressed closer to trial; he merely sought to except them from any broader exclusions. The Court will simply deny both motions as moot and reserve this issue for another day. Sloan's motion for leave to file its motion to

10

strike under seal will be denied, as it contains no proprietary or otherwise sensitive information.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Cottleville's motion to exclude certain testimony of Sloan's expert witness Robert Trask is **GRANTED in part** and **DENIED in part** as follows (Doc. 107):

1. Trask may opine as to industry standards and practices as they relate to ambiguous ordinances, as further detailed above, but may not offer legal opinions as to whether Cottleville violated any ordinances.

2. Absent a showing that the underlying facts are pertinent to an admissible opinion, Trask may not offer any discussion or opinion as to whether Cottleville was aware of the recall.

3. Trask may testify and opine as to industry standards and practices of licensed plumbers in installing a product, how that would lead to investigating recalls, and repairing or replacing recalled products.

4. Trask will not opine as to Plaintiff's performance of the work.

**IT IS FURTHER ORDERED** that Plaintiff's motion to preserve Trask's opinions on defect and causation and Sloan's responsive motion to strike Plaintiff's motion are **DENIED as moot**. Docs. 108, 126.

**IT IS FURTHER ORDERED** that Sloan's motion for leave to file its motion to strike under seal is **DENIED**. Doc. 124. The Clerk of the Court is directed to unseal Doc. 126.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June 2022.