UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODRIGO MONTOYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:20-CV-01108-AGF |
| | ) | |
| SLOAN VALVE COMPANY, d/b/a FLUSHMATE, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COTTLEVILLE VENTURES, L.L.C., | ) | |
| | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Plaintiff Rodrigo Montoya's motions in limine (Doc. No. 177); Defendant and Third-Party Plaintiff Sloan Valve Company's motions in limine (Doc. No. 178); Third-Party Defendant Cottleville Ventures, L.L.C.'s motions in limine (Doc. No. 176); Plaintiff's Objection to Sloan's Proposed Witnesses (Doc. No. 188); and Cottleville's Objection to Sloan's Proposed Witnesses (Doc, No. 190).

The motions were heard on the record at the final pretrial conference in this case held on November 22, 2022.  Upon review of the record and for the reasons stated more fully on the open record, the Court sets forth its rulings on the parties' motions in limine and objections to pretrial materials, as follows:

## I. MOTIONS IN LIMINE

### Plaintiff's Motions in Limine (Doc. No. 177)

1. <u>Any evidence or argument disputing or contradicting the binding testimony of
Defendant made through its corporate representatives</u>.  The designated corporate
representatives will be testifying live at trial, and Plaintiff may use the testimony
from their 30(b)(6) depositions for the purposes of cross-examination and
impeachment.  Plaintiff may also use testimony from the 30(b)(6) depositions in
its case in chief, however, such use is limited to the actual deposition testimony.
Aside from what was stipulated by the parties, Plaintiff's proffered summaries of
the testimony will not be designated as binding corporate testimony.  **DENIED**.

2. <u>Fault of Plaintiff</u>.  Plaintiff has agreed to withdraw this motion and reserve this
argument for the close of evidence.  **DENIED as moot**.

3. <u>Any argument or line of questioning that highlight's Plaintiff's ethnicity</u>.  The
parties do not anticipate highlighting the Plaintiff's ethnicity, as such this motion
is **DENIED as moot.**

4. <u>Suggestion that subject product was not installed properly</u>.  **GRANTED in part**
with the understanding that while Defendant Sloan Valve Company ("Sloan") will
not be arguing that Plaintiff installed the subject product incorrectly, it is not
admitting that Plaintiff installed the subject product correctly.  Further, the parties
agreed Sloan may argue that the installation was incorrect to the extent that the
repair kit was not installed.

5. Collateral Source – collateral payments to Plaintiff arising from medical insurance.  **DENIED as moot** upon agreement of the parties.

6. Medical Bills.  **DENIED as moot** upon agreement of the parties.

**Sloan's Motion in Limine (Doc. No. 178)**

1. Sloan's Liability Insurance.  **DENIED as moot** upon agreement of the parties.

2. Deposition Testimony of Lori Feltmate and Jerome Sobolewski.  Given that both witnesses are available to testify live at trial, the parties have agreed that the deposition testimony of Lori Feltmate and Jerome Sobolewski can be used for cross-examination and impeachment purposes.  **DENIED as moot.**

3. Sloan's Present Knowledge.  **DENIED as moot**, pursuant to the parties' agreement that they will not suggest that Sloan's current knowledge equates to prior knowledge or that the reasonableness of Sloan's conduct should be judged based on what is now known as opposed to what was previously known.

4. Evidence of Poverty/Wealth.  **GRANTED in part**, pursuant to the parties' agreement and understanding that this evidence will not come in during the case in chief but may be admissible if and when punitive damages are submitted to the jury.

5. Argument Suggesting an Adverse Inference be Drawn from the Absence of Witness Testimony or the Absence of Evidence.  The parties have agreed that they will not present any argument to suggest that an adverse inference be drawn from the absence of witness testimony.  With respect to the absence of evidence, the parties have agreed that this issue is not yet ripe and should be taken up with the

evidence.  As such, the motion with respect to absent witness testimony is **DENIED as moot** pursuant to parties' agreement, and the Court will **RESRVE RULING** on the motion with respect to absent evidence.

6. <u>Discovery Disputes</u>.  **DENIED as moot**, pursuant to parties' agreement.

7. <u>New Information, Witness or Claims of Injury/Damages</u>.  The parties' have agreed that they will not present new information, witnesses, or claims of injuries/damages with the understanding that Third-Party Defendant Cottleville Ventures ("Cottleville") intends to offer the testimony of its corporate representatives, Michael R. Reiter and Michael K. Reiter, even though these witnesses have not participated in a 30(b)(6) deposition.  **DENIED as moot**, pursuant to parties' agreement.

In additional to the broad motion in limine above, Sloan also seeks to preclude a number of specific statements regarding Plaintiff's injuries.  With respect to these statements, the parties have agreed to the following:

- The parties have agreed that they will not argue that Plaintiff's teeth were knocked out by the incident, but may mention Plaintiff's one broken tooth for which he sought treatment.  **DENIED as moot**, pursuant to parties' agreement.

- The parties will not introduce any evidence or suggest that Plaintiff suffered a brain injury or suffered from "Brain Fog."  **DENIED as moot**, pursuant to parties' agreement.

- The parties have agreed that the porcelain shard issue needs to be taken

with the case.  **RULING RESERVED.**

8. <u>Settlement Negotiations.</u>  **DENIED as moot**, pursuant to parties' agreement

9. <u>How Any Potential Damages Award to Plaintiff Will Be Dispersed, or the Costs of</u>
<u>Defending the Action.</u>  The parties have agreed that such information will not be
mentioned, with the exception that counsel may ask the expert witnesses what they
were paid.  **DENIED as moot**, pursuant to parties' agreement.

10. <u>Suggesting that Members of the Jury Place Themselves in the Shoes of the</u>
<u>Plaintiff.</u>  **DENIED as moot**, pursuant to parties' agreement.

11. <u>Sloan's Failure to Undertake an Independent Medical Examination of Plaintiff or</u>
<u>to Present Opposing Expert Medical Testimony.</u>  **DENIED as moot**, pursuant to
parties' agreement.

12.  <u>What Information Doctors Told Plaintiff or his Wife.</u>  Plaintiff does not believe
that there is any evidence that fits within this motion, but to the extent that one of
the parties discovers something and anticipates offering such testimony they will
inform the opposing parties and the Court, and the Court will rule on its
admissibility under the Rules of Evidence.  **RULING RESERVED.**

13. <u>Existence of Any and All Liens.</u>  **DENIED as moot**, pursuant to parties'
agreement.

14. <u>Improper Appeals for Sympathy by Claiming that Third-Party Defendant has a</u>
<u>Close Relationship with Plaintiff and has Never had a Flushmate Product</u>
<u>"Explode" or Similar Incident Happen to Third-Party Defendant or its Family at</u>
<u>its Properties Before.</u>  Pursuant to oral argument, it was determined that such

testimony is dependent on the evidence presented in the case.  With respect to the relationship between Plaintiff and Cottleville, the parties may offer evidence with respect to the working relationship, but the admissibility that Plaintiff was "like family" will be taken with the case.

With respect to the absence of prior bursts, Sloan clarified on the record that it is not seeking to exclude testimony that Cottleville has never had a toilet burst before, but rather Sloan is seeking to exclude any testimony regarding subsequent remedial measures by Cottleville, specifically that they took the incident very seriously and removed all of the other Flushmate products from its business following the incident.  Cottleville and Plaintiff object.  The relevance and admissibility of this testimony cannot be determined until the presentation of evidence.  Cottleville must not mention its subsequent remedial measures without first approaching the bench.  **RULING RESERVED.**

15.  Non-Testifying Witnesses Should be Excluded from the Courtroom.  **DENIED as moot**, pursuant to parties' agreement.

16. Demonstrative Evidence in Opening Statements Not Disclosed in the Court of Discovery and in Compliance with the Court's Case Management Order.  **DENIED as moot**, pursuant to parties' agreement.

17. Cottleville's Subsequent Remedial Measures.  In accordance with the ruling on No. 14 above, the parties shall approach the bench prior to offering any testimony or argument regarding Cottleville's subsequent remedial measures.  **RULING RESERVED**.

18. <u>Incidents Occurring Subsequent to November 8, 2004.</u>  At the hearing on this motion, Sloan agreed that at least some of this information may come in, specifically with respect to Flushmate III, Generation 3.  The Court also notes that Plaintiff is not offering this information to show Sloan's knowledge, but it is being offered for other purposes, such as defect and dangerousness.  Sloan is entitled to a limiting instruction to this effect if it so chooses.

The outstanding issue in this motion is the extent to which there is data with respect to bursting events occurring after November 8, 2004, and if so whether Plaintiff is able to distinguish those events with respect to different models.  In the parties are unable to distinguish the subsequent incidents, either because Sloan does not know or because Sloan previously precluded Plaintiff from obtaining that information, then Plaintiff will be permitted to use those subsequent incidents, and Sloan will likewise be allowed to say that such subsequent events include other models aside from the Flushmate III, Generation 3.  Until the Court receives further information from the parties regarding this issue, the **RULING is RESERVED.**

## Cottleville's Motion in Limine (Doc. No. 176)

1. <u>That Cottleville has liability insurance.</u>  **DENIED as moot**, pursuant to parties' agreement.

2. <u> The individual wealth or financial resources of Cottleville.</u>  **DENIED as moot**, pursuant to parties' agreement.

3. <u>Any evidence that their attorney's are a "defense firm."</u>  **DENIED as moot**,

pursuant to parties' agreement.

4. <u>Mention of any other businesses owned by or associated with Cottleville Ventures or Mike Reiter.</u> **DENIED as moot**, pursuant to parties' agreement.

5. <u>Use or nonuse of cleaning supplies/agent on the subject flushing system or corresponding toilet.</u> **DENIED as moot**, pursuant to parties' agreement.

6. <u>Evidence that Cottleville previously hired a licensed plumber for work at the property.</u> **GRANTED**, pursuant to Sloan's agreement.

7. <u>Any evidence or opinion as to what an individual would understand from Sloan's recall notice or repair kit's installation instructions.</u> **GRANTED in part** and **DENIED in part**. The witness may testify as to his or her personal understanding of a document that he or she did in fact receive at the time at issue, but not as to a document not received.

8. <u>Any action/inaction by Cottleville that led to the possibility of (or actual recovery) of Plaintiff's claims of punitive damages against Sloan.</u> **DENIED as moot**, pursuant to parties' agreement.

9. <u>Any evidence or opinion that Cottleville violated any ordinances by not hiring a licensed plumber to install the subject system.</u> **DENIED as moot**, pursuant to parties' agreement.

10. <u>Any evidence that Cottleville did not hire a licensed plumber to install the subject system or did not obtain a permit prior to installing the subject system.</u> Pursuant to oral argument and the fact that Sloan has elected to no longer pursue its negligence per se claim against Cottleville, Cottleville and Sloan have agreed to

submit further briefing on this issue.  **RULING RESERVED.**

11. Any evidence by Sloan disputing the cause of the subject flushing system's burst.

    **DENIED as moot**, pursuant to parties' agreement.

12.  Any evidence of Sloan disputing that the subject flushing system was installed

    incorrectly.  **DENIED in part**, pursuant to parties' agreement as addressed in

    Plaintiff's motion in limine No. 4.

**II. WITNESS OBJECTIONS**

Plaintiff and Cottleville object to two of Sloan's proposed witnesses, Nate

Isaacson and Bernard Peters.  Plaintiff and Cottleville argue that they just learned of

these named upon submission of Sloan's proposed witness list (Doc. No. 166), as they

were not disclosed in Rule 26(a) or any other time prior.  Sloan explained that it would

only be offering these witnesses to testify in the event punitive damages are submitted

to the jury.

By Wednesday, November 23, 2022, Sloan shall inform Plaintiff and Cottleville

what the substance of the testimony would be that Sloan is seeking to offer, and parties

shall discuss the need and feasibility of depositions or further discovery from those

witnesses.

**III. CONCLUSION**

In accordance with the above rulings,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine is **GRANTED**

**in part** and **DENIED in part**, as set forth above.  (Doc. No. 177).

**IT IS FURTHER ORDERED** that Sloan's Motion in Limine is **GRANTED in part** and **DENIED in part**, as set forth above.  (Doc. No. 178).

**IT IS FURTHER ORDERED** that Cottleville's Motion in Limine is **GRANTED in part** and **DENIED in part**, as set forth above.  (Doc. No. 176).

**IT IS FURTHER ORDERED** that Sloan shall inform the opposing parties what testimony it seeks to offer with respect to Nate Isaacson and Bernard Peters no later than **November 23, 2022**.

**IT IS FURTHER ORDERED** that on or before **5:00 p.m. on Friday, November 25, 2022**, the parties shall advise the Court of (i) the names of all witnesses and other persons or entities likely to be mentioned during trial, and (ii) any voir dire questions they wish the Court to present or that may require a ruling.

**IT IS FINALLY ORDERED** that on or before **Monday, November 28, 2022, at 8:30 a.m.**, the parties shall provide the Court with a list of all exhibits to which the parties have stipulated as to admissibility.


_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of November, 2022.

- 10 -